IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MCDAID,<br><br>                  Plaintiff,<br><br>   v.<br><br>STANLEY FASTENING SYSTEMS, LP,<br><br>                  Defendant. | Civ. No. 07-709 |

**OPINION**

Pollak, J.                                                                                                          July 28, 2008

      Presently before the court is defendant Stanley Fastening Systems' motion *in limine* (Docket No. 36) to preclude the admission in evidence of a demonstrative video that plaintiff claims to be in the process of producing. The court heard oral argument on the motion on July 22, 2008, and took the matter under advisement. The motion is now ripe for disposition.

      Plaitniff's proposed evidence, as the court understands it, will be a video in which a person will demonstrate the use of the Stanley Bostich N80SB-1 nailgun, in an effort to cast doubt on defense expert Robert Olmstead's account of how a second nail reacts when the N80SB-1 double fires.[1] In particular, it appears that the video will undertake to demonstrate, contra Olmstead's deposition testimony, that the second nail can ricochet off the first nail and fly, unbent, in a manner similar to that described by plaintiff.

      Defendant objects on the ground that this video was not disclosed as required by

---

[1] The court understands that defendant prefers to characterize the accident at issue here as an "air fire" rather than a "double fire." The court, having reviewed defendant's filings, can find no submission explaining the content of this difference in terminology, nor can the court recall any cogent explanation thereof from defendant's in-court appearances. Therefore, it is the court's understanding that the difference is semantic in nature.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii).  It is plaintiff's contention that this video need not be disclosed under Rule 26(a)(1)(A)(ii) because it will be used solely to impeach Olmstead's testimony—that is, to cast doubt on the validity of Olmstead's testimony with regard to the mechanics of a double-fire scenario.

Rule 26 relies on the well-known distinction between substantive evidence and impeachment evidence.  "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. . . .  Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony.'"  *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (quoting John P. Frank, *Pretrial Conferences & Discovery—Disclosures or Surprise?*, 1965 Ins. L.J. 661, 664 (1965)).

There is some dispute within the federal courts as to the meaning of "solely for impeachment" in Rule 26.  In some courts' view, evidence is used solely for impeachment only if its sole value is impeachment—that is, only if it is devoid of any substantive value.  *Id.*; *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998), *superseded by rule change on other grounds as explained in In re Subpoena to Witzel*, ___ F.3d ___, No. 07-2286, 2008 WL 2640011 (1st Cir. Jul. 7, 2008).  Other courts seem to intimate that evidence is used "solely for impeachment" if the introducing party's subjective purpose is impeachment, no matter the evidence's substantive value.  *See DeBiasio v. Ill. Cent. R.R.*, 52 F.2d 678, 686 (7th Cir. 1995) (holding that refusal to admit undisclosed evidence was abuse of discretion, even though evidence had some substantive value in supporting defendant's key factual contention).  Unfortunately, none of the decisions cited analyze the question in substantial depth.

The purpose of the Rule 26 initial disclosures is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives."  Amendments to the Federal Rules of Civil Procedure and Forms, 146 F.R.D. 401, 628 (advisory committee's notes).  In other words, the goal of the rule is to force parties to exchange their basic, substantive evidence, without resort to the complications, inefficiency, and litigiousness of discovery practice.  The impeachment-evidence exception allows parties to withhold some of their evidence, but only that which they will use solely to discredit a witness, not to bolster the substance of their own case.  Allowing a party to use the impeachment-evidence exception to sneak in undisclosed, substantive evidence would defeat the purpose of the rule by forcing parties who want the whole story to rely on the myriad discovery requests that prompted the rule change in the first place.[2]

---

[2] It is worth noting, however, that defendant could have avoided this controversy by requesting the video evidence in discovery.  *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) ("[T]he recipient of a properly propounded document request must produce all

At the same time, a party, as an initial matter, has the prerogative to decide whether it wishes to use evidence for a substantive purpose, an impeachment purpose, or both. If a party chooses in good faith to use a piece of evidence for impeachment purposes only, and withholds the evidence from its Rule 26 mandatory disclosure on that basis, it becomes the court's obligation to decide whether the evidence can reasonably be used solely for impeachment. Sometimes evidence by its very nature is useful only for impeachment; other times, its use can be so limited through the use of jury instructions or other trial-management tools; still other times, a piece of evidence carries too much substantive value, or too little impeachment value, or both, to be reasonably susceptible to an impeachment-only limitation.

The evidence at issue here falls into the third category. The gravamen of Olmstead's testimony will be that plaintiff's description of how the accident happened is—based on the mechanics of the nailgun, the trajectory and aerodynamic instability of the nail, and the amount of force propelling the nail forward—either highly improbable or impossible. Plaintiff seeks to impeach this testimony by showing video evidence that the nailgun does in fact perform in the manner Olmstead will have described as highly improbable or impossible. Could such a video serve an impeachment purpose (*i.e.*, is it evidence that shows why the jury should not put faith in Olmstead's testimony)? Yes. But the video would also constitute substantive evidence by helping to establish the truth of plaintiff's description of the accident. Moreover, these two functions are not logically separable: either the nailgun generally does (plaintiff's testimony) or generally does not (Olmstead's testimony) perform in the manner described by plaintiff. Evidence that "impeaches" either proposition can generally be expected to provide substantive support for the other.

Because the video demonstration's impeachment value is so closely linked to its substantive value, the court does not believe that a limiting instruction would serve any useful purpose. The court could instruct the jury to consider the video only to the extent that it casts doubt on Olmstead's description of the nailgun's mechanics, while disregarding whatever bearing the demonstration has on plaintiff's testimony, but the court expects that the jury would find it difficult to draw such an exquisitely subtle—and utterly impractical—distinction.

Under these circumstances, where a piece of evidence cannot be realistically confined to use for impeachment purposes, it must be disclosed. *See Chiasson*, 988 F.2d at 518; *see also Klonski* 156 F.3d at 270. However, because plaintiff did not act in bad faith in refusing to disclose the video—indeed, plaintiff made a cogent argument that he

---

responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial. A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.").

had no obligation to disclose— and because plaintiff's failure need not cause prejudice, plaintiff's failure to disclose up to this point will not be held against him.  Rather, he will be ordered to disclose the video as soon as it becomes available (and no later than September 1).  Discovery has been re-opened, and defendant is welcome to use that re-opened period, within the confines of Judge Angell's able management, to engage in appropriate discovery in preparation for the use of plaintiff's video at trial.

Of course, plaintiff remains free, in light of this order, not to commission a video at all.  Should he so choose, he should apprise the defense and the court of his decision in a timely fashion.

An appropriate order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MCDAID,<br><br>                      Plaintiff,<br><br>    v.<br><br>STANLEY FASTENING SYSTEMS, LP,<br><br>                      Defendant. | Civ. No. 07-709 |

**ORDER**

      AND NOW, this 28th day of July, 2008, for the reasons expressed in the foregoing opinion, it is hereby ORDERED that plaintiff shall disclose to defendant any demonstration video he plans to use at trial as soon as such a video becomes available, and in no event later than September 1, 2008.

                                                                              /s/ Louis H. Pollak